**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division**

JASON KESSLER

and

DAVID MATTHEW PARROTT,

       *Plaintiff,*

v.                                               Civil Action No. **3:19-CV-00044**

CITY OF CHARLOTTESVILLE,
TARRON J. RICHARDSON, in his
official capacity, AL S. THOMAS in his
individual capacity, BECKY CRANNIS-CURL
in her individual capacity, MAURICE JONES
in his individual capacity,

       *Defendants.*

## TARRON J. RICHARDSON'S BRIEF IN SUPPORT OF MOTION TO DISMISS

Comes now Tarron J. Richardson ("Richardson"), City Manager of the City of Charlottesville, and submits the following brief in support of his Rule 12(b)(6) F.R.C.P. Motion to Dismiss Jason Kessler ("Kessler") and David Matthew Parrott ("Parrott") Complaint.

## ALLEGATIONS IN THE COMPLAINT

The only factual allegation in the Complaint as to Richardson is that he is the current City Manager of Charlottesville, Virginia as of the date of filing on August 12, 2019. The caption of the Complaint expressly identifies Richardson as a defendant being sued "in his official capacity". The Complaint then specifically alleges that Richardson "is sued in his official capacity" (¶ 4). The Complaint alleges that Co-Defendant Maurice Jones, who is sued in his individual capacity according to the Complaint, was the City Manager of Charlottesville, Virginia (not Richardson) during all relevant times alleged in the Complaint (¶ 7). No custom or policy pertaining to any allegations in

the Complaint is attributed to Richardson. He is not alleged to have been present on August 12, 2017 or involved in any way in the events about which Plaintiffs complain.

Finally, Richardson is not named in any of the six Counts in the Complaint as to which Plaintiffs attempt to assert any cause of action against designated individuals and an entity.

## STANDARD OF REVIEW

In order to survive a Rule 12(b)(6) F.R.C.P. motion, the Plaintiffs' Complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face'". *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Complaint's factual allegations must produce an inference of liability strong enough to push the Plaintiffs' claims "across the line from conceivable to plausible". *Iqbal* at 683. Under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), not only must the Complaint contain facts sufficient to state a claim for relief that is plausible on its face, the Complaint's "factual allegations must be enough to raise a right to relief above the speculative level". *Twombly* at 555. When a complaint pleads facts that are merely "consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief". *Twombly* at 557. In *Iqbal*, the United States Supreme Court stated that two working principles underlie its earlier decision in *Twombly*. While a court reviewing a Rule 12(b)(6) motion must accept as true all of the factual allegations contained in a complaint, **it is not bound to accept legal conclusions, including those couched as factual allegations.** (emphasis supplied) *Iqbal* at 679. Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal* at 679; *Twombly* at 556. In determining whether a complaint states a plausible claim for relief, the court engages in a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense". *Iqbal* at 679. Finally, where actual "well pleaded facts" do not permit the Court to infer more than the mere "possibility of misconduct", the pleader is not entitled to relief. *Iqbal* at

679. Mere formulaic recitals of the elements of a cause of action supported by mere conclusory statements do not suffice to state a plausible claim for relief. *Iqbal* at 678.

## ARGUMENT

1. **KESSLER AND PARROTT'S OFFICIAL CAPACITY CLAIM AGAINST CURRENT CITY MANAGER TARRON J. RICHARDSON IS DUPLICATIVE OF THE CLAIMS AGAINST THE CITY OF CHARLOTTESVILLE AND SHOULD BE DISMISSED FOR THAT ALONE AND FOR OTHER REASONS.**

In the caption of the Complaint, Plaintiffs identify Richardson as a defendant sued in his official capacity. In ¶ 4 of the Complaint Plaintiffs specifically allege only that Richardson is the current City Manager of Charlottesville, Virginia and that he is sued in his official capacity. No allegations in the Complaint are asserted against Richardson in his individual capacity. Plaintiffs' express pleading allegation is conclusive as to the capacity of Plaintiffs' claim as to Richardson. *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995) (holding that capacity can only be determined by the Court when not specifically alleged in the Complaint). It is well settled that a claim brought against a public official such as Richardson in his official capacity is treated as an action against the public employer. *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (finding that the "real party in interest in an official-capacity suit is the governmental entity and not the named official"; *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) (noting that such suits are to be treated as a suit against the entity and that any recovery comes from the entity, not the person sued). The § 1983 claim against Richardson in his official capacity as the City Manager is essentially a claim against the City who is already a defendant and should be dismissed as duplicative. *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004); *see also, Ruttenberg v. Jones*, 603 F. Supp.2d 844, 872 (E.D. Va. 2009), Aff'd, 375 F. App'x 298 (4th Cir. 2010) (official capacity claims against a Detective and Chief of Police, both city employees found to be duplicative of plaintiff's claims against the city and must be dismissed); *Ridpath v. Bd. of Governors Marshall*

*Univ.*, 447 F.3d 292, 307 (4th Cir. 2006) (noting that § 1983 claims against administrators in their official capacities are essentially duplicative of the § 1983 claims against the entity).

Finally, officials acting in official capacity are not persons under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). As such, the plaintiffs' official capacity claims against Richardson are subject to dismissal as a matter of law. *Ashann-Ra v. Com. of Va.,* 112 F. Supp. 2d 559, 564 (W.D. Va. 2000).

Wherefore, Tarron Richardson moves the Court to dismiss the official capacity and only claim attempted to be alleged in the Complaint against him with prejudice for the reasons stated above and in the alternative for the reasons stated in the City of Charlottesville's Brief in Support of Motion to Dismiss which is incorporated herein and to award him his costs in this behalf expended.

TARRON J. RICHARDSON
By Counsel

s/Richard H. Milnor
Richard H. Milnor, Esquire (VSB #14177)
Zunka, Milnor & Carter, Ltd.
414 Park Street
P O Box 1567
Charlottesville VA 22902
Telephone: (434) 977-0191
Facsimile:  (434) 977-0198
rmilnor@zmc-law.com
*Counsel for Tarron J. Richardson*

### CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of October, 2019, I electronically filed the foregoing Brief with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/Richard H. Milnor