IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **JASON KESSLER ET AL.,** | Case No. 3:19-CV-44 |
| Plaintiffs, | (Judge MOON) |
| v. | |
| **CITY OF CHARLOTTESVILLE ET AL.,** | **RESPONSE IN OPPOSITION TO MOTIONS TO DISMISS** |
| Defendants. | |

Now come Plaintiffs and oppose the pending motions to dismiss.

**A. The Defendants Violated Plaintiffs' Clearly Established Free Speech Rights**

1. Plaintiffs' Allegations

Plaintiffs bring this action claiming that their free speech rights were violated by a heckler's veto and that Defendants are liable to the Plaintiffs due to their breach of a legal duty to protect the Plaintiffs from said heckler's veto.

Plaintiffs claim that Defendant Al Thomas planned ahead of time to permit a heckler's veto of the Plaintiffs' event and that he ordered state actors under his command not to do their duty related to the heckler's veto on August 12, 2017.[1]

Plaintiffs allege that Defendant Becky Crannis-Curl ordered state actors under her command not to do their duty related to the heckler's veto on August 12, 2017.[2]

Plaintiffs allege that Defendant Maurice Jones was the final policymaker for Charlottesville VA at all relevant times, that Jones cooperated with or acquiesced in

---

[1] DE 1 Complaint at least at ¶¶ 29-61.
[2] DE 1 Complaint at least at ¶¶ 43, 64-68, 70 and 75.

Defendant Thomas's unlawful orders or that Jones delegated policymaking power on August 12, 2017 to Al Thomas via his silence while fully aware of Al Thomas's unlawful orders, and that Jones did all of this no later than while in the same room with Al Thomas on August 12, 2017.[3]

Plaintiffs further allege that Defendant Charlottesville is liable to the Plaintiffs under the rule of *Monell* liability due to the unlawful acts of Maurice Jones or Al Thomas.[4]

2. Protected Speech

According to the Complaint, Plaintiffs were engaged in First Amendment protected expressive speech. *Nat'l Socialist Party of Am. v. Vill. of Skokie*, 432 U.S. 43, 43-44, 97 S.Ct. 2205, 53 L.Ed.2d 96 (1977) (recognizing First Amendment rights of Neo Nazis seeking to march with swastikas and to distribute racist and anti-Semitic propaganda in a predominantly Jewish community); *Brandenburg v. Ohio,* 395 U.S. 444, 447, 89 S.Ct. 1827, 23 L.Ed.2d 430 (1969) (recognizing the First Amendment rights of Ku Klux Klan members to advocate for white supremacy-based political reform achieved through violent means).

Plaintiffs were not engaged in incitement, *Brandenburg v. Ohio,* 395 US 444, 447-448 (requiring speaker to motivate his own group to imminent violence for incitement to apply) nor fighting words *Bible Believers v. Wayne County, Mich.,* 805 F. 3d 228, 246 (collecting Supreme Court cases requiring "personal insult" "directed to an individual" and not generally to a crowd to qualify as fighting words.)

---

[3] DE 1 Complaint at least at ¶¶ 61-63.
[4] DE 1 Complaint at least at ¶¶ 99-105

Plaintiffs sought to engage in protected speech and expressive activity in a traditional public forum <u>Frisby v. Schultz,</u> 487 U.S. 474, 480, 108 S.Ct. 2495, 101 L.Ed.2d 420 (1988) (public streets are the "archetype of a traditional public forum"). Therefore government activity in regards to Plaintiffs' free speech rights were "severely circumscribed" <u>Perry Educ. Ass'n v. Perry Local Educators' Ass'n,</u> 460 U.S. 37, 45, 103 S.Ct. 948, 74 L.Ed.2d 794 (1983) on August 12, 2017.

Government activity regarding Plaintiffs' rights in the relevant circumstances is subject to strict scrutiny and any government action negatively affecting Plaintiffs' free speech rights must be the least restrictive means available even in the presence of a compelling government interest. <u>United States v. Playboy Entm't Grp.,</u> 529 U.S. 803, 813, 120 S.Ct. 1878, 146 L.Ed.2d 865 (2000). This is true even where the police attempt to repackage their heckler's veto as a way of protecting the public from harm. <u>Bible Believers v. Wayne County, Mich.,</u> 805 F. 3d 228, 255 (6th Cir. 2015).

3. <u>Heckler's Veto Clearly Established</u>

The Defendants had a clearly established, constitutionally mandated duty to protect Plaintiffs free speech rights on August 12, 2017. "A police officer has the duty not to ratify and effectuate a heckler's veto nor may he join a moiling mob intent on suppressing ideas. Instead, he must take reasonable action to protect from violence persons exercising their constitutional rights" <u>Bible Believers v. Wayne County, Mich., 805 F. 3d 228, 236-237</u>, "[S]tate officials are not entitled to rely on community hostility as an excuse not to protect, by ***inaction or affirmative conduct***[5], the exercise of fundamental rights." <u>Id.</u> State actors have a duty to "stringently safeguard" protected speech <u>Berger v. Battaglia, 779 F. 2d 992, 1001</u> (4th Cir. 1985) even when

---

[5] Emphasis added

the situation faced by state actors is so difficult that it "elicits judicial sympathy" *Id.* In the Fourth Circuit, heckler's veto analysis of state actors includes the concept of "narrowly tailored". <u>Swagler v. Neighoff 398 Fed. Appx. 872, 880</u> (4th Cir. 2010).

Accordingly, The Defendants had an affirmative duty to take action to protect the Plaintiffs' free speech rights and were required to narrowly tailor any abridgment of those rights to the least restrictive means. Defendants were not permitted to "stand down", as alleged in the Complaint, until enough public disorder had occurred and then terminate the Plaintiffs' event in total. This duty was well established, including in this Circuit, prior to August 12, 2017.

4. <u>Supervisory Liability</u>

To establish a viable claim of supervisory liability under § 1983, the Plaintiff must establish (1) "the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff," (2) the supervisor's response was sufficiently inadequate "to show deliberate indifference to or tacit authorization of the alleged offensive practices," and (3) "an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." <u>Shaw v. Stroud, 13 F.3d 791, 798-99 (4th Cir. 1994)</u>.

Here, Plaintiffs have alleged Defendants Thomas and Crannis-Curl intentionally ordered the state actors under their supervision to violate clearly established duties toward the Plaintiffs. Defendants focus their motions on denying the existence of Plaintiffs' claimed constitutional right. They make no effort to explain

how supervisory liability would not apply to Thomas or Crannis-Curl if the Plaintiffs' alleged constitutional right does, in fact, exist.

5. <u>Qualified Immunity</u>

Qualified immunity "shields officials from civil liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Pearson v. Callahan,</u> <u>555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)</u>. To overcome qualified immunity, a plaintiff must demonstrate that: (1) the defendant violated the plaintiff's constitutional rights, and (2) the right in question was clearly established at the time of the alleged violation. <u>Adams v. Ferguson,</u> 884 F. 3d 219, 226 (4th Cir. 2018).

"There is no requirement that the precise right allegedly violated already have been recognized specifically by a court before such right may be held 'clearly established' for qualified immunity purposes." <u>Hutchinson v. Lemmon,</u> <u>436 Fed.Appx. 210, 215 (4th Cir.2011)</u>.

Plaintiffs have demonstrated above the existence of a clearly established constitutional right and corresponding affirmative duty on the part of the Defendants regarding the heckler's veto. Plaintiffs' factual allegations discussed above plausibly allege that defendants violated that right.

In Plaintiffs' Complaint Defendants Thomas and Crannis-Curl intentionally ordered their subordinates to violate Plaintiff's right regarding the heckler's veto. Defendant Jones, as final policymaker, agreed to allow Thomas to violate Plaintiffs' rights, acquiesced in Al Thomas's violation, or delegated that decision to Al Thomas

by his silence while Thomas was issuing unlawful orders while standing next to Maurice Jones.

Defendant City cannot assert Qualified Immunity in its own right but can only benefit if Thomas and Jones are immune. "[C]ities do not possess qualified immunity from § 1983 claims" Evans v. Chalmers, 703 F.3d 636, 654 n.11 (4th Cir. 2012).

In reality, the Qualified Immunity analysis in this case begins and ends with the existence of a heckler's veto based right. For if it exists in clearly established form, then Defendants actions are indefensible at this stage of the case. Plaintiffs have demonstrated the existence of the right and the proper strict scrutiny standard for analyzing the right above. No defendant has explained how terminating Plaintiffs' entire event is "narrowly tailored" to protect Plaintiffs' rights to the extent possible. Therefore, provided the right exists, no Defendant is entitled to qualified immunity. If, on the other hand, the Plaintiffs' alleged right does not exist, then the issue of immunity does not arise.

6. Monell Claims

Under Section 1983, a local government may be held liable for injuries suffered due to the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Municipal liability "attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). Who possesses the requisite authority is a question of state law. *Id.* at 483, 106 S.Ct. 1292.

However, "final" authority to set policy exists when no further action is needed for the policy to take effect. The Supreme Court has expressly noted that "[a]uthority to make municipal policy ... may be delegated by an official who possesses such authority" to another official. <u>Pembaur,</u> 475 U.S. at 483, 106 S.Ct. 1292.

The Fourth Circuit has explicitly stated that merely because a state actor serves "under the direction and control of the city manager" does not necessarily establish that he lacked final authority to promulgate policy. <u>Liverman v. City of Petersburg</u>, 844 F. 3d 400, 413 (4th Cir. 2016).

Monell liability can attach to a single decision made by a final policymaker. <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469 (1986). Here, neither Maurice Jones, Al Thomas, or the City denies or questions the plausibility that Jones was either the final policy maker for Charlottesville at all relevant times, that he made or tacitly authorized the single decision to allow a heckler's veto of the Plaintiffs or that he tacitly designated his authority to Al Thomas on August 12, 2017 by his silence in the face of Thomas's unlawful orders of which Jones was fully aware. Rather, they attack the very existence of a heckler's veto cause of action under the circumstances of this case. Therefore, if a cause of action is stated against Jones or Thomas then a cause of action is stated against the City under <u>Monell</u>.

A cause of action is stated against both Jones and Thomas as demonstrated above, therefore a cause of action is stated against the City.

7. <u>Due Process/State Created Danger cases inapposite</u>

Certain Defendants have challenged the viability of Plaintiffs' claimed heckler's veto based constitutional right. The State created danger exception to the general rule that doing nothing does not violate due process rights, however, has nothing to add to the analysis of this case.

Rather, "The first inquiry in any § 1983 suit" is "to isolate the precise constitutional violation with which [the defendant] is charged" <u>Graham v. Connor 490 US 386, 394 (1989.)</u> The Plaintiffs herein have unambiguously presented a First Amendment claim. All other claims live or die based on the viability of that heckler's veto claim. The law therefore requires it be examined under First Amendment jurisprudence.

8. <u>Allegations in the *Sines v. Kessler* lawsuit cannot help Defendants</u>

Defendant City of Charlottesville has asked the Court to consider allegations made by the Plaintiffs in <u>Sines v. Kessler</u> (W.D. Va. Case# 3:17-cv-72) in considering the plausibility of Plaintiffs' Complaint. In the <u>Sines</u> case however, the Court has already officially observed the truism that a Complaint contains merely allegations. <u>Sines et al. v. Kessler et al.</u> 324 F. Supp. 3d 765, 774 (W.D. Va. 2018). Defendant has made no showing that any of the allegations in Sines has yet achieved the status of a judicially established fact. Accordingly, the Sines allegations cannot be imported from outside the pleadings in this case to support any Defendants' motion. <u>Fed. R. Evid. 201(b)</u>.

9. <u>Current City Manager Tarron Richardson</u>

Plaintiffs do not object to the dismissal of the official capacity claim against Tarron Richardson if, and only if, the dismissal does not impair their claim(s) against the City of Charlottesville. Plaintiffs admit they are unaware of any reason why the dismissal of Tarron Richardson would impair said claims.

**CONCLUSION**

For the reasons stated, and apart from Tarron Richardson, all Defendants motions to dismiss the Plaintiffs' Complaint must be overruled.

Respectfully Submitted,

s/ James E. Kolenich PHV
_____
James E. Kolenich (OH 77084)
KOLENICH LAW OFFICE
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
(513) 444-2150
(513) 297-6065 (fax)
JEK318@gmail.com

s/ Elmer Woodard
ELMER WOODARD (VSB 27734)
5661 US Hwy 29
Blairs, Va. 24527
(434) 878-3422
isuecrooks@comcast.net
Trial Attorney for Defendant

**CERTIFICATE OF SERVICE**

      A true copy of the foregoing was served via the Court's CM/ECF system on November 8, 2019 as listed below:

*All parties of record*

No party requires or has requested service by other means

                                                                                  s/ James E. Kolenich  PHV

                                                                                    _____
                                                                                    James E. Kolenich (OH #77084