IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

JASON KESSLER

and

DAVID MATTHEW PARROTT,

    *Plaintiff,*

v.                                       Civil Action No. **3:19-CV-00044**

CITY OF CHARLOTTESVILLE,
TARRON J. RICHARDSON, in his
official capacity, AL S. THOMAS in his
individual capacity, BECKY CRANNIS-CURL
in her individual capacity, MAURICE JONES
in his individual capacity,

    *Defendants*.

## CITY OF CHARLOTTESVILLE AND TARRON RICHARDSON'S REBUTTAL BRIEF

Comes now the City of Charlottesville ("City") and Tarron Richardson ("Richardson"), by counsel, pursuant to Rule 11(c)(1) W.D.Va.Civ.R. and submits the following reply to Plaintiff's Response in Opposition to Motion to Dismiss (Doc 47):

1. Plaintiffs' only attempted claim in their Complaint in Count IV against the City is based on *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690 (1978). However, under *Monell* in order to state a First Amendment claim against the City, plaintiffs are required to allege a predicate plausible First Amendment constitutional violation against its former Police Chief Al Thomas, Jr. ("Thomas") and former City Manager Maurice Jones ("Jones"). Plaintiffs' Complaint fails to do so for the reasons previously stated in the City's Brief in Support of its Motion to Dismiss (Doc 39) as to this predicate requirement and for the

reasons set forth in the briefs filed by Thomas (Doc 43) and Jones (Doc 45) on this issue, plus any additional authority and argument on the issue submitted in the rebuttal briefs filed by either of them all of which is incorporated herein. The Court should dismiss the Complaint against the City since no predicate § 1983 First Amendment plausible claim is stated against Thomas or Jones and they are entitled to immunity. *Evans v. Chalmers*, 703 F.3d 636, 654-55 (4th Cir. 2012) (holding that because "all plaintiffs failed to state predicate § 1983 claims against the individual officers [due to qualified immunity], we must also hold that all plaintiffs have failed to state supervisory liability, *Monell* liability, and 'stigma-plus' claims.") ; *Waybright v. Frederick Cnty.*, 528 F.3d 199, 203 (4th Cir. 2008); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Turner v. Thomas*, 317 F. Supp 3d 704, 716 (W.D.Va.2018).

2. Plaintiffs' First Amendment claim rests on conclusory allegations that a claimed order (alleged in ¶¶50-51 of the Complaint) to not "engage over every little thing," not to "go in and break up fights" and not to interrupt "mutual combat") constituted a "heckler's veto" based right under First Amendment case law. The conclusory allegation of a "heckler's veto" is a legal conclusion that is not accepted as true for the purposes of ruling on the Motions to Dismiss. *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs claim in their brief that their case begins and ends with the issue of whether the factual allegations in their Complaint amount to a heckler's veto. However, Plaintiffs cite no case in their brief supporting the existence of the "right" they rely on. The claimed "order" and policy posited by Plaintiffs, which ultimately resulted in the declaration of an unlawful assembly, applied equally to both Alt-Right protestors and counter-protestors and manifestly does not amount to a heckler's veto under First Amendment case law.

3. Plaintiffs' reliance in their Response Brief on an out of context misquote from dicta in the Fourth Circuit's opinion in *Berger v. Battaglia*, 779 F.2d 992 at 1001 (4th Cir. 1985) does not establish, contrary to plaintiffs' claim in their brief, that the City through its individual officers had any duty under the First Amendment to provide a security detail unilaterally to Kessler's Alt-Right group. The "stringently safeguarded" reference in *Berger* applies equally to both protestors and counter-protestors and is conditioned on speech by each which was by "peaceable means" – not the Alt-Right and counter protestor fights and "mutual combat" which resulted in an equally applied declaration of an unlawful assembly in this case. Simply stated the First Amendment does not protect violence. *NAACP v. Clairborne Hardware Co.*, 458 U.S. 886, 916 (1982). Finally as the City and other Defendants noted in their briefs this Court has previously held in *Turner v. Thomas* 313 F. Supp. 3d 704, 715 (W.D.Va.2018), *aff'd* 930 F.3d 640 (4th Cir. 2019) that "there is simply no constitutional right to state protection from "criminals or madmen" and a state official's failure to provide such protection "is not actionable under §1983.". Plaintiffs First Amendment right to freedom of speech does not include a constitutional right to protection, not to mention from mutual combat especially where the "policy" assailed applies equally to mutual combat and fights between protestors and counter protestors.

4. Tarron Richardson's Motion to Dismiss the only claim against him, which is in his official capacity, should be dismissed since plaintiffs admit in their response to Richardson's brief that they're unaware of any reason why he should not be dismissed.

Wherefore, the City of Charlottesville and Tarron Richardson move the Court to grant their respective Motions to Dismiss and dismiss plaintiff's Complaint against them, with prejudice.

CITY OF CHARLOTTESVILLE
TARRON RICHARDSON
By Counsel

s/Richard H. Milnor
Richard H. Milnor, Esquire (VSB #14177)
Zunka, Milnor & Carter, Ltd.
414 Park Street
P O Box 1567
Charlottesville VA 22902
Telephone: (434) 977-0191
Facsimile: (434) 977-0198
rmilnor@zmc-law.com
*Counsel for City of Charlottesville and Tarron Richardson*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of November, 2019, I electronically filed the foregoing Brief with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/Richard H. Milnor