## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **JASON KESSLER ET AL.,** | : | Case No.  3:19-CV-44 |
| | : | |
| Plaintiffs, | : | (Judge MOON) |
| | : | |
| v. | : | |
| | : | |
| **CITY OF CHARLOTTESVILLE ET AL.,** | : | **MOTION TO ALTER OR AMEND JUDGMENT CIV. R. 59(E) AND FOR RELIEF FROM JUDGMENT CIV. R. 60** |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

Now come Plaintiffs and and move the Court to alter or amend its judgment dismissing Plaintiff's Complaint[1] against all Defendants pursuant to Fed. R. Civ. P. 59(e) and for relief from said judgment pursuant to Fed. R. Civ. P. 60. As set forth below, Plaintiffs submit that the Court's Memorandum Opinion and Order is based on errors of law. A corrected understanding of the applicable law yields the conclusion that the DeShaney case does not bar any of the Plaintiff's claims and that the Court must vacate its judgment and deny the Defendants' motions to dismiss.[2]

### A.  The Court Misapplied *DeShaney*

1.  Defendants had a duty to protect Plaintiff's First Amendment rights

"Section 1983…… is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle 859 F.3d 241, 245 (4th Cir. 2017), citing Graham v. Connor 490 U.S. 386, 393–94 (1989).  "The first step in any such claim is to pinpoint the specific right that has been infringed." Id.

---

[1] Docket Entry 52

[2] This motion does not request alteration of the Order dismissing official capacity claims against Tarron Richardson.

The due process clause "is not the proper lens through which to evaluate" a civil rights claim when a different Amendment "provides an explicit textual source of constitutional protection." Id.  The heckler's veto claim is a well established First Amendment claim in the Fourth Circuit.

The police are the "agency of the state charged with *enforcing the First Amendment* (emphasis added). Berger v. Battaglia, 779 F.2d 992, 1001 (4th Cir. 1985). In the Fourth Circuit, the police are required to "say to those offended" by a speaker that their rights will be as "stringently safeguarded" as the speaker's. Id. The Berger Court was under " no illusions that this would have been a satisfactory response [to the counter protesters], nor that it may not have led to some of the very disruption of operations and resources that the [police] feared." Id. at 1002. Nevertheless, the Berger Court held that **enforcing** (emphasis added) a speaker's rights as against counter protesters is the only choice available to a government actor that is "wholly consistent with the first amendment." Id. at 1001.

Though the heckler's veto "has probably been most frequently exercised through legislation responsive to majority sensibilities, the same assault on first amendment values of course occurs when….. it is exercised by **executive action**"(emphasis added). Id. at 1001, Swagler v. Neighoff, 398 Fed. Appx. 872, 881 (4th Cir. 2010). The Plaintiff's Complaint explicitly alleges "executive action" by all Defendants.[3] What else but "executive action" is it when the ranking state trooper orders her officers to stand down, or when the Chief of Police commands "let them fight"?

The Fourth Circuit, therefore, imposes an affirmative duty on the police to take action to protect a speaker's First Amendment rights. This rule is entirely consistent with other Circuit's heckler's veto holdings. A police officer "must take reasonable action to protect

---

[3] With the City being liable under *Monell*

from violence persons exercising their constitutional rights." <u>Bible Believers v. Wayne Cnty.,</u> <u>805 F.3d 228, 236 (6th Cir. 2015)</u>. "If the officers allow a hostile audience to silence a speaker, the officers themselves effectively silence the speaker and effectuate a "heckler's veto." <u>Id. at 237.</u>

As for DeShaney, no Court other than this one has ever applied it to a heckler's veto case. This Court erred in doing so, or, it erred in not finding that the heckler's veto doctrine is a well-established exception to DeShaney.

Accordingly, it was clearly established in the Fourth Circuit on August 12, 2017 that the Defendant's had an affirmative duty to maintain public order so that the Plaintiff's Fourth Amendment rights could be exercised. Their willful failure to do so makes them legally responsible for a "heckler's veto."

### B. <u>The Court Misapplied *Bible Believers*</u>

The Court held that the police were protected by <u>Bible Believers</u> observation that the police are not required to "go down with the speaker". <u>805 F. 3d at 253.</u> However, Plaintiff's Complaint alleges that there were at least 455 armed law enforcement personnel on hand to keep the peace on August 12, 2017.[4] In addition, Plaintiff's allege that the police were ordered to stand down pursuant to an a priori plan or pursuant to an unconstitutional ad hoc order, not that they were overwhelmed by the crowd and feared for their safety.

Accordingly, it is at the very least a jury question as to whether the <u>Bible Believers</u> observation can save the Defendants with that amount of government firepower on scene. <u>Dennis v. Columbia Colleton Medical Ctr., Inc., 290 F.3d 639, 658 (4th Cir. 2002)</u>[5]

---

[4] At least 132 Charlottesville Police, (Heaphy Report at p. 99) at least 208 Virginia State Troopers (Id.) and at least 115 Virginia National Guard military police (Id. at 106, 129.)

[5] Case holding it is a jury question when witness credibility must be examined.

Moreover, it is wholly unfair of the Court to ignore the actual holding of <u>Bible Believers</u>[6] while relying on its <u>obiter dicta</u> regarding "going down with the speaker".


**CONCLUSION**

For the reasons stated, the Court must grant the Plaintiffs' motions as stated herein, vacate the Order dismissing all claims against the Defendants,[7] overrule the Defendants' motions to dismiss, and permit Plaintiffs to proceed with their case.


Respectfully Submitted,


s/ James E. Kolenich PHV
_____
James E. Kolenich (OH 77084)
KOLENICH LAW OFFICE
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
(513) 444-2150
(513) 297-6065 (fax)
JEK318@gmail.com

s/ Elmer Woodard_____
ELMER WOODARD (VSB 27734)
5661 US Hwy 29
Blairs, Va. 24527
(434) 878-3422
isuecrooks@comcast.net
Trial Attorney for Defendant


**CERTIFICATE OF SERVICE**

A true copy of the foregoing was served via the Court's CM/ECF system on March 19, 2020 as listed below:

_____

[6] See above Section "A"
[7] Except Tarron Richardson

*All parties of record*

No party requires or has requested service by other means

s/ James E. Kolenich  PHV

_____

James E. Kolenich (OH #77084