IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

JASON KESSLER AND DAVID MATTHEW
PARROT,

   Plaintiffs,

v.                                                   Case No. 3:19-cv-00044-NKM

CITY OF CHARLOTTESVILLE AND
TARRON J. RICHARDSON, IN HIS
OFFICIAL CAPACITY AND AL S.
THOMAS, IN HIS INDIVIDUAL
CAPACITY AND BECKY CRANNIS-CURL,
IN HER INDIVIDUAL CAPACITY AND
MAURICE JONES, IN HIS INDIVIDUAL
CAPACITY,

   Defendants.

## AL THOMAS'S BRIEF IN OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT CIV. R. 59(E) AND FOR RELIEF FROM JUDGMENT CIV. R. 60

### I.    INTRODUCTION

Jason Kessler ("Kessler") and David Matthew Parrot ("Parrot") (collectively "Plaintiffs"), unhappy with this Court's decision granting Motions to Dismiss filed by the City of Charlottesville ("City"), Al S. Thomas ("Chief Thomas"), Becky Crannis-Curl ("Crannis-Curl"), and Maurice Jones ("Jones") (collectively "Defendants"), and dismissing their Complaint with prejudice, have filed a Motion pursuant to Rules 59(e) and 60 of the Federal Rules of Civil Procedure. In lieu of filing a timely Notice of Appeal, Plaintiffs have asked this Court to reconsider its prior ruling by making the same arguments they unsuccessfully argued on brief and during the January 16, 2020 hearing on Defendants' Motion to Dismiss. Not only are these grounds insufficient pursuant to Rules 59(e) and 60, the Court did not err in granting the Motions

1

to Dismiss and dismissing the Complaint with prejudice. Plaintiffs' Motion to Alter or Amend should be denied without the necessity of a hearing.

## II. ARGUMENT

### A. Standard of Review.

Rule 59(e) of the Federal Rules of Civil Procedure provides, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Fourth Circuit has recognized three limited grounds under which a district court may grant a motion for reconsideration under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "[M]ere disagreement does not support a Rule 59(e) motion." *Id.* at 1082. Granting a Rule 59(e) motion "is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 402–03 (4th Cir. 1998) (internal quotations omitted).

Rule 60 provides, in relevant part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

   1. mistake, inadvertence, surprise, or excusable neglect;

   2. newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

   3. fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

   4. the judgment is void;

> 5. the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> 6. any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

When deciding a Rule 60 motion, a court must first consider whether the moving party has met three threshold conditions: "'his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside.'" *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993) (quoting *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987)). The moving party must then establish the ground for relief pursuant to Rule 60(b). *Id.* at 266. The party seeking relief under Rule 60(b) "must clearly establish the grounds therefor to the satisfaction of the district court . . . and such grounds must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (internal citations omitted). Relief under Rule 60(b) is an "extraordinary remedy" that is to be used only in "exceptional circumstances." *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979.

To determine whether such exceptional relief is appropriate, the court "must engage in the delicate balancing of 'the sanctity of final judgments, expressed in the doctrine of res judicata, and the incessant command of the court's conscience that justice be done in light of [a]11 the facts.'" *Id.* (alteration in original) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970), *cert. denied*, 399 U.S. 927 (1970)). "[I]f the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment, [the Fourth Circuit has] denied the motion as merely an inappropriate substitute for an appeal. *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011). A request that the Court merely change its mind is

3

outside of the purview of Rule 60.  *Hogan v. Beaumont*, 779 F. App'x 164, 168 (4th Cir. 2019).  The decision to grant a Rule 60 motion is soundly within the discretion of the trial court.  *Aikens*, 652 F.3d at 501.

**B.**     **The Court correctly granted Defendants' Motions to Dismiss.**

Plaintiffs argue that the Court's decision on the Motions to Dismiss "is based on errors of law" because *DeShaney v. Winnebago County Dept. of Social* Services, 489 U.S. 189 (1989), does not bar their claims and the Court misapplied *Bible Believers v. Wayne County*, 805 F.3d 228 (6th Cir. 2015).  (ECF Doc. 54.)  The Court appropriately applied the reasoning in *DeShaney* and *Bible Believers* when granting Defendants' Motions to Dismiss.  Plaintiffs' motion merely asks the Court to change its mind and, thus, is more appropriate for an appeal to the Fourth Circuit.  For that reason alone, the Motion to Alter or Amend and for Relief from Judgment should be denied.  Moreover, the Court did not err in granting Defendants' Motions to Dismiss and dismissing Plaintiffs' Compliant with prejudice.

**1.**     **Plaintiffs were not constitutionally-entitled to state protection of their First Amendment rights.**

Plaintiffs argue, without citation to authority, that "The Fourth Circuit . . . imposes an affirmative duty on the police to take action to protect a speaker's First Amendment rights." (ECF Doc. 54, at 2.)  They argue that the Court erred in apply *DeShaney*, because *DeShaney* involved application of the Fourteenth Amendment.  (*Id.* at 1-3.)

This Court, however, did not apply *DeShaney*.  Instead, it reasoned that the same analysis applicable to Fourteenth Amendment claims under *DeShaney* is applicable to the First Amendment claim in this case, as both amendments are written in the negative instead of the affirmative.  (ECF Doc. 52, at 13-14.)  This holding is consistent with decisions of other jurisdictions.  *See, e.g. Musso v. Hourigan*, 836 F.2d 736, 743 (2d Cir. 1988) ("We do not

4

believe, however, that the defendant's alleged failure to prevent [another] from violating [the plaintiff's] first amendment rights transgressed any clearly established legal norm. As a general rule, a government official is not liable for failing to prevent another from violating a person's constitutional rights, unless the official is charged with an affirmative duty to act"); *Doyle v. Town of Scarborough*, No. 2:15-v-00227, 2016 WL 4764902 (D. Maine Sept. 13, 2016) (individual defendants could not be held liable for their failure to object to others allegedly violating the plaintiff's first amendment rights); *Pietrangelo v. Alvas Corp.*, 664 F. Supp. 2d 420, 432-33 (D. Vt. 2009) (citing *DeShaney* for the proposition that there was no constitutional right to police protection of First Amendment rights); *Morlock v. West Cent. Educ. Dist.*, 46 F. Supp. 2d 892, 922 (D. Minn. 1999), *abrogated on other grounds by Jenkins v. Univ. of Minn.*, 131 F. Supp. 3d 860 (D. Minn. 2015) (finding the First Amendment does not impose upon the government an affirmative duty to adopt and act upon every speaker's position, citing *DeShaney*).

Plaintiffs continued reliance upon *Berger v. Battaglia*, 779 F.2d 992 (4th Cir. 1985), for the proposition that police have an affirmative duty to take action to protect a speaker's rights is misplaced. (*See* ECF Doc. 54, at 2.) As this Court noted, *Berger* does **not** impose an affirmative obligation to protect a speaker from being heckled by private persons. (ECF Doc. 52, at 14.) *Berger* involved a police officer who performed in blackface while off-duty, resulting in citizens making complaints to the police department. *Berger*, 779 F.2d at 993-95. The officer refused to stop his performances and the department stripped him of his policing powers and placed him on administrative leave. *Id.* at 996. This case does **not** suggest that the government had an obligation to prevent hecklers from downing out the plaintiff's First Amendment activities, it merely held that a state cannot restrict an individual's ability to engage in expressive conduct

5

because of a potentially threatening response to that conduct from the community. *Id.* at 1001-02. Moreover, there was no suggestion in *Berger* that the plaintiff's conduct resulted in violence or disruption of the police department's activities. *See id.* at 996.

Here, however, there was open and actual violence taking place on August 12, 2017, which police sought to end by declaring the unlawful assembly and dispersing the entire crowd. The First Amendment simply did not require Defendants to protect Plaintiffs from public hostility towards their speech. Plaintiffs have not directed this Court to any contrary authority. The Motion to Alter or Amend should be denied.

## 2. **The Court did not err in its application of *Bible Believers*.**

Plaintiffs argue that it was a factual question for the jury whether the *Bible Believers'* directive that the police are not required to "go down with the speaker" was applicable given the number of officer's on scene. (ECF Doc. 54, at 3.) They further argue that the Court ignored the actual holding of *Bible Believers*, relying only on *dicta*. (*Id.* at 4.)

This argument ignores the Court's well-reasoned analysis of *Bible Believers* and the factual distinction between that case and the one at hand. (*See* ECF Doc. 52, at 15-19.)

In *Bible Believers*, the Sixth Circuit concluded that there were less restrictive means available to the sheriff's deputies to maintain public order in lieu of removing the Bible Believers from the festival. *Bible Believers*, 805 F.3d at 254.

The facts in this case are readily distinguishable from the situation in *Bible Believers*, yet consistent with the Sixth Circuit's holding.

> **The rule to be followed is that when the police seek to enforce law and order, they must do so in a way that does not unnecessarily infringe upon the constitutional rights of law-abiding citizens.** . . . **The police may** go against the hecklers, cordon off the speakers, or **attempt to disperse the entire crowd if that becomes necessary.** Moreover, they may take any appropriate action to

6

> maintain law and order that does not destroy the right to free speech by indefinitely silencing the speaker.

*Id.* (citing *Gregory v. City of Chicago*, 394 U.S. 111, 120 (1969)). Here, law enforcement officers were not faced with violent counter-protestors attacking peaceful protestors. Instead, there was mutual violence and fighting between both protestors and counter-protestors such that law enforcement observed "acts of unlawful force or violence likely to jeopardize seriously public safety, peace or order" tending to inspire "serious and immediate breaches of public safety, peace or order." Va. Code § 18.2-406. These circumstances necessitated the dispersal of the entire crowd, not just one side or the other. This decision and the dispersal did not constitute a heckler's veto or violate Plaintiffs' First Amendment rights to freedom of speech. **"[G]overnmental entities retain the right to regulate the use of public streets to protect legitimate government interests in maintaining public order and avoiding violence. . . . [T]he First Amendment does not forbid a state from preventing imminent lawless action."** *Christian Knights of Ku Klux Klan Invisible Empire, Inc. v. Stuart*, 934 F.2d 318, 1991 WL 93048, at *2 (4th Cir. June 5, 1991) (internal quotations and citations omitted) (emphasis added). The court did not err in holding that Plaintiffs did not state a claim and Plaintiffs' Motion to Alter or Amend should be denied.

### III. CONCLUSION

For all of the foregoing reasons, Al. S. Thomas, by counsel, respectfully requests that this Court deny Plaintiffs' Motion to Alter or Amend Judgment Civ. R. 59(e) and for Relief from Judgment Civ. R. 60. Chief Thomas requests that the Court decide this Motion on the papers, as oral argument is unnecessary.

**AL S.THOMAS**

By Counsel

/s/
David P. Corrigan (VSB No. 26341)
Melissa Y. York (VSB No. 77493)
Counsel for Al S.Thomas
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
myork@hccw.com

# **C E R T I F I C A T E**

I hereby certify that on the 25th day of March, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Elmer Woodard, Esq.  
Attorney at Law, P.C.  
5661 US Hwy. 29  
Blairs, VA 24527  
434-878-3422 - Phone  
434-793-0675 - Fax  
isuecrooks@comcast.net  

James E. Kolenich, Esq.  
Kolenich Law Office  
9435 Waterstone Boulevard  
#140  
Cincinnati, OH 45249  
513-444-2150 - Phone  
5132976065 - Fax  
jek318@gmail.com  

Richard H. Milnor, Esq.  
VSB No. 14177  
Zunka, Milnor & Carter, Ltd.  
P.O. Box 1567  
Charlottesville, VA 22902  
434-977-0191 x34 - Phone  
434-977-0198 - Fax  
RMilnor@zmc-law.com  

Erin R. McNeil, Esq.  
Office of the Attorney General  
202 North 9th Street  
Richmond, VA 23219  
804-786-0046 – Phone  
804-646-3500 – Phone  
804-371-2087 – Fax  
emcneil@oag.state.va.us  

Rosalie Pemberton Fessier  
Brittany Elizabeth Shipley  
Timberlake Smith  
P.O. Box. 108  
Staunton, VA 2440  
540-885-1517  
540-885-4537  
rfessier@timberlakesmith.com  
bshipley@timberlakesmith.com  

/s/  
David P. Corrigan (VSB No. 26341)  
Melissa Y. York (VSB No. 77493)  
Counsel for Al S.Thomas  
Harman, Claytor, Corrigan & Wellman  
P.O. Box 70280  
Richmond, Virginia  23255  
804-747-5200 - Phone  
804-747-6085 - Fax  
dcorrigan@hccw.com  
myork@hccw.com