IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| JASON KESSLER ET AL., | Case No. 3:19-CV-44 |
| Plaintiffs, | (Judge MOON) |
| v. | |
| CITY OF CHARLOTTESVILLE ET AL., | **REPLY IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT CIV. R. 59(E) AND FOR RELIEF FROM JUDGMENT CIV. R. 60** |
| Defendants. | |

**A. "Heckler's Veto" law imposes a duty on the Defendants**

In Bible Believers v. Wayne Cnty., 805 F.3d 228, 236 (6th Cir. 2015) the Sixth Circuit engaged in an extended discussion of the heckler's veto doctrine. The Sixth Circuit held:

> "The [protestors] attended the Festival to exercise their First Amendment rights and spread their religious message. The way they conveyed their message may have been vile and offensive to most every person…….; nonetheless, they had every right to espouse their views. *See Cantwell,* 310 U.S. at 309, 60 S.Ct. 900. When the message was ill-received, the police did next to nothing to protect the [protestors] or to contain the lawlessness …….in the crowd………. On this record, there can be no reasonable dispute that the [police] effectuated a heckler's veto, thereby violating the [protestors] First Amendment rights."

In making this holding the Sixth Circuit relied on Supreme Court precedent which commands " the espousal of views that are disagreeable to the majority of listeners may at times

1

"**necessitate police protection**," (emphasis added)  Edwards v. South Carolina, 372 U.S. 229, 237 (1963).

In the Fourth Circuit, Berger v. Battaglia 779 F.2d 992, 1001 (4th Cir. 1985) provides substantially the same orders to this Court. "Nevertheless, however real the dilemma [of public violence], we think **and hold**[1] that the [police] Department" must enforce the First Amendment. Berger at 1001. In the Fourth Circuit the only choice "wholly consistent with the First Amendment" is to protect the speaker's rights as against a heckler's veto. Berger at 1001-1002.

The Defendants' attempt to limit Berger to its facts is without merit. Nothing in Berger or in any case citing Berger indicates it is limited to its facts and the defendants have presented no case indicating otherwise. The Berger case is, rather, mandatory precedent. It is a reported Fourth Circuit case and this Court is not free to ignore its holding.

Moreover, the Supreme Court, in First Amendment context, has ruled that it is "a police officer's ... duty ... to enforce laws already enacted and to make arrests ... for conduct already made criminal." Gregory v. Chicago, 394 U.S. 111, 121 (1969).

Finally, if the police were present and watching a violent assault occur and instead of stopping it said "Let him kill her, it will make it easier to give him life in prison" would any judge in his right mind dismiss a suit against the police on the grounds of "no duty"? Yet that is substantially what happened on August 12, 2017. The assembled police wanted to do their jobs but were held back by the Defendants, some of whom had previously made plain they had no intention of protecting the Plaintiffs' freedom of speech at the Unite the Right event.[2]

---

[1] Emphasis added
[2] Compliant DE 1 at FN 9

Accordingly, the Defendants had an affirmative duty to protect Plaintiffs' First Amendment rights on August 12, 2017. This Court has erred in finding "no duty". The Court must grant Plaintiffs' motions under Rules 59 and 60, vacate its Orders dismissing Plaintiffs' Complaint, and re-examine the motions in the light of the correct Heckler's Veto doctrine.

**Plaintiffs join the Defendants in waiving oral argument and agree the Court may decide this motion on the pleadings.**

Respectfully Submitted,

s/ James E. Kolenich PHV
_____
James E. Kolenich (OH 77084)
KOLENICH LAW OFFICE
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
(513) 444-2150
(513) 297-6065 (fax)
JEK318@gmail.com

s/ Elmer Woodard_____
ELMER WOODARD (VSB 27734)
5661 US Hwy 29
Blairs, Va. 24527
(434) 878-3422
isuecrooks@comcast.net
Trial Attorney for Defendant

### CERTIFICATE OF SERVICE

A true copy of the foregoing was served via the Court's CM/ECF system on April 1, 2020 as listed below:

*All parties of record*

No party requires or has requested service by other means

s/ James E. Kolenich  PHV

_____
James E. Kolenich (OH #77084

3