CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
06/18/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
         DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JASON KESSLER, *et al.*, | |
| *Plaintiffs*, | CASE NO. 3:19-cv-00044 |
| v. | MEMORANDUM OPINION |
| CITY OF CHARLOTTESVILLE, *et al.*, | |
| *Defendants*. | JUDGE NORMAN K. MOON |

In February 2020, this Court issued a memorandum opinion and order granting Defendants' motions to dismiss, on the basis that Plaintiffs did not suffer any violation of existing constitutional rights. Dkts. 52, 53. Before me is Plaintiffs' Motion to Alter or Amend Judgment pursuant to Rule 59(e) and Rule 60 of the Federal Rules of Civil Procedure. Dkt. 54.[1]

"In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation and internal quotation marks omitted). A court may alter or amend the judgment under Rule 59(e) if the movant shows "(1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010). However, a Rule 59(e) motion "may not be used to relitigate old matters." Wright & Miller, 11 Fed. Prac. & Proc. § 2810.1 ("Grounds for Amendment or Alteration of Judgment") (3d ed. Apr. 2020 update); *Pac. Ins. Co.*, 148 F.3d at 403 (citing earlier Wright & Miller treatise for same proposition); *Alana*

---

[1] As set forth in an Order issued this day on Plaintiffs' Motion for Recusal of my two term law clerks from any further involvement in this case, the Court's term law clerks did not work on resolution of Plaintiffs' Motion to Alter or Amend the Judgment.

1

*v. Clarke*, No. 2-18-cv-205, 2018 WL 9651488, at *1 (E.D. Va. Oct. 31, 2018) (writing that "Rule 59(e) motions are not a tool with which an unsuccessful party may rehash the same arguments and facts previously presented") (cleaned up).

Rule 60(b) of the Federal Rules of Civil Procedure also provides an avenue for relief "from a final judgment, order, or proceeding."[2] A party seeking relief under Rule 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). After that threshold showing is met, the movant must satisfy one of the six specific sections in Rule 60(b), which are (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud or misconduct of an adverse party; (4) a void judgment; (5) a satisfied judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) must "clearly establish the grounds therefor." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992). Rule 60(b) is an "extraordinary remedy" that "is only to be granted in exceptional circumstances." *LHF Prods., Inc. v. Dash Food Mart*, No. 5:16-cv-27, 2019 WL 1290899, at *2 (W.D. Va. Mar. 20, 2019) (quoting *In re A.H. Robins Co.*, No. 98-1893, 1998 WL 904717, at *1 (4th Cir. Dec. 29, 1998) (unpublished)). Subsection six of Rule 60(b) is a catch-all clause, but it "may be invoked only in extraordinary circumstances when the reason from relief

---

[2] Rule 60(a) provides for relief in the event of "clerical mistakes," or mistakes arising from "oversight or omission." Plaintiffs do not identify the specific rule under which they seek relief, but the Court considers their motion to seek relief under Rule 60(b), rather than 60(a). *See* Wright & Miller, 11 Fed. Prac. & Proc. § 2854 (3d ed. Apr. 2020 update) ("Thus, a motion under Rule 60(a) only can be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.").

from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)–(5)." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (internal quotation marks omitted).

Plaintiffs do not cite—let alone articulate how they have satisfied—these requirements for relief under Rule 59(e) and Rule 60. Plaintiffs have identified no intervening change in controlling law, nor any new evidence, and so the Court will construe Plaintiffs as having brought their request under Rule 59(e) "to correct a clear error of law or a manifest injustice." With respect to Plaintiffs' request under Rule 60—and in the absence of any argument or showing by Plaintiffs about which sub-section of the Rule they invoke to seek relief—the Court will construe their request as having been brought under the catch-all provision in Rule 60(b)(6).

In their Motion to Alter or Amend, Plaintiffs first contend that the Court's opinion granting Defendants' motions to dismiss "misapplied" *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989). Dkt. 54 at 1. Plaintiffs write that "no other Court other than this one has ever applied [*DeShaney*] to a heckler's veto case," and argue that the "heckler's veto doctrine is a well-established exception to *DeShaney*." *Id.* at 3. Plaintiffs further assert that the Fourth Circuit "imposes an affirmative duty on the police to take action to protect a speaker's First Amendment Rights," citing *Berger v. Battaglia*, 779 F.2d 992 (4th Cir. 1985), and *Swagler v. Neighoff*, 398 F. App'x 872 (4th Cir, 2010). Dkt. 54 at 2; Dkt. 60 at 2.

Lastly, Plaintiffs argue that the Court also "misapplied" the Sixth Circuit's decision in *Bible Believers v. Wayne County, Michigan*, 805 F.3d 228 (6th Cir. 2015) (en banc). Dkt. 54 at 3; *see also* Dkt. 60 at 1. In Plaintiffs' view, it is "a jury question" whether the Sixth Circuit's observation in the *Bible Believers* case that "[t]he Constitution does not require that the officer 'go down with the speaker,'" 805 F.3d at 253, is applicable in the circumstances of this case. Dkt. 54 at 3. Plaintiffs argue that statement was dicta from the Sixth Circuit, while this Court "ignore[d]

3

the actual holding of *Bible Believers*," that "[a] police officer 'must take reasonable action to protect from violence persons exercising their constitutional rights.'" Dkt. 54 at 2–3 (citing *Bible Believers*, 805 F.3d at 236). At bottom, Plaintiffs ask this Court to "re-examine the motions in light of the correct Heckler's Veto doctrine." Dkt. 60 at 3.

Plaintiffs have not advanced any argument warranting relief under Rule 59(e) or Rule 60. Rather, all Plaintiffs have done is advance the same arguments, relying on the same authority, that they previously raised to the Court and which the Court rejected. *See* Dkt. 47 at 4–5 (arguing that Defendants "had an affirmative duty to take action to protect the Plaintiffs' free speech rights," citing *Berger v. Battaglia* and *Swagler v. Neighoff*); *id.* at 2–3 (arguing that a police officer "must take reasonable action to protect from violence persons exercising their constitutional rights," citing *Bible Believers*, 805 F.3d at 236–37).

In its dismissal opinion in this case, the Court explained that the stand-down order "did not violate any affirmative constitutional right." *Kessler v. City of Charlottesville*, --- F. Supp. 3d ---, 2020 WL 871484, at *6 (W.D. Va. Feb. 21, 2020). Indeed, the Court relied heavily on its dismissal of a prior lawsuit brought by *anti*-Unite the Right protesters against the City of Charlottesville and police department—later affirmed on appeal—in which the Fourth Circuit held that "it was not clearly established at the time of the rally that failing to intervene in violence among the protesters would violate any particular protester's due process rights." *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019); *see also id.* at 648; *Kessler*, 2020 WL 871484, at *6. The Court's dismissal opinion in this case, as well as *Turner*, were grounded in the principle which the Supreme Court articulated in *DeShaney*, that the defendants' "mere failure to act does not give rise to liability for a due process violation." *Turner*, 930 F.3d at 644 (citing *DeShaney*, 489 U.S. at 196). Plaintiffs argued in opposing dismissal that those decisions were inapposite, and this Court addressed, and rejected,

4

Plaintiffs' arguments that *Berger v. Battaglia* and *Bible Believers* compelled a different result. *See Kessler*, 2020 WL 871484, at *6–9.

Plaintiffs' Motion to Alter or Amend does nothing more than relitigate arguments already considered and rejected by the Court. Rule 59(e) and Rule 60 do not provide a basis for a litigant to "relitigate" matters which the Court has already considered and rejected. *See* Wright & Miller, 11 Fed. Prac. & Proc. § 2810.1 (3d ed. Apr. 2020 update) (stating principle in Rule 59(e) context); *Pac. Ins. Co.*, 148 F.3d at 403 (citing earlier Wright & Miller treatise for same proposition); *United States v. Williams*, 674 F.2d 310, 312–13 (4th Cir. 1982) ("Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue."); *Whitaker v. Ciena Corp.*, No. 18-cv-44, 2020 WL 607142, at *2–3 (D. Md. Feb. 7, 2020) (rejecting reconsideration motion where the plaintiff's "only argument for alteration or amendment under Rule 59(e) is that the Court misapplied the rule from" a Supreme Court case). Accordingly, the Court will deny Plaintiffs' Motion to Alter or Amend in an Order to follow.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the parties.

Entered this   18th   day of June, 2020.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE